**UNITED STATES DISTRICT COURT**
**WESTERN DIVISION OF KENTUCKY**
**LOUISVILLE DIVISION**
**CASE NO. 3:10-CV-00332-TBR**

**RICHARD JEFFREY**                                                                  **PLAINTIFF**

**v.**

**ANN SIMMS, individually and as**
**City Administrator of the City of Prospect, Kentucky**

**and**

**DEBORAH SKAGGS, individually and as**
**Deputy City Clerk of City of Prospect, Kentucky**

**and**

**MARVIN A. WILSON, individually and as Chief**
**of Police of the City of Prospect, Kentucky**

**and**

**DENNIS WINE, individually and as Lieutenant**
**Of Police of City of Prospect, Kentucky**

**and**

**CITY OF PROSPECT, KENTUCKY**                                 **DEFENDANTS**

<u>**MEMORANDUM OPINION AND ORDER**</u>

Defendant has moved to dismiss the above case under *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff has responded, and Defendant has replied. Accordingly, this matter is ripe for adjudication. However, binding precedent precludes dismissal under *Heck* given the instant facts. In no uncertain terms, the Sixth Circuit has stated that *Heck* would not serve as a bar to claims when *habeas* relief is unavailable. *Powers v. Hamilton County Public Defender Comm'n*, 501 F.3d 592, 603 (6th Cir. 2008) ("*Heck's* favorable-termination requirement **cannot be imposed** against § 1983 plaintiffs who lack a habeas option for the vindication of their federal

rights."). Plaintiff has suffered only a fine in his underlying municipal case, and habeas is accordingly unavailable. *Id.* ("Plaintiff's § 1983 suit [can] proceed despite noncompliance with the favorable-termination requirement because the plaintiff had been assessed only a monetary fine in his criminal proceeding and thus was ineligible for habeas relief." (citing *Leather v. Ten Eyck*, 180 F.3d 420, 424 (2d Cir. 1999))).[1] Accordingly, the issue of whether the underlying case was civil or criminal is moot - even assuming, *arguendo*, that the underlying case was criminal, *Heck* still does not serve as a bar. Accordingly, the Motion to Dismiss (DN 11) is DENIED.

    IT IS SO ORDERED.

---

[1] Because a *Heck* dismissal is unavailable due to the lack of a *habeas* remedy, this Court does not reach and expresses no opinion on whether the underlying proceeding was criminal in nature.