**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
Case No. 3:10-CV-332

**RICHARD JEFFREY,**                                                                                              **PLAINTIFF,**

**v.**

**ANN SIMMS, ET AL.,**                                                                                              **DEFENDANTS.**

**MEMORANDUM OPINION AND ORDER**

  Defendants Ann Simms and Deborah Skaggs have moved for summary judgment (DN 34) on the basis of qualified immunity and their limited factual involvement in the incidents that form the basis for Plaintiff's claims under 42 U.S.C § 1983, 42 U.S.C § 1985, and Kentucky state law.  In his response, Plaintiff requested that the Court delay its consideration of Defendants' motion until further discovery can be completed (DN 35).  At this point, the Court holds consideration of Defendants' Motion for Summary Judgment IN ABEYANCE to allow Plaintiff additional time to complete the depositions of Defendants Simms and Skaggs and other such discovery that will enable him to respond to Defendants' motion.

  Under Rule 56(f) of the Federal Rules of Civil Procedure, if a party faced with a motion for summary judgment establishes by affidavit specific reasons why that party presently cannot respond with facts essential to support its opposition, then the District Court may either deny the dispositive motion, order that a continuance be had so that discovery may be completed, or issue any other order it deems just. Fed. R. Civ. P. 56(f).

  To his response, Plaintiff's counsel attaches an affidavit that outlines the medical issues he has faced over the course of this litigation that have led to the delay in conducting discovery (DN 35-1).  Defendants' argument that, in light of the length of time that has passed in this case, Plaintiff has had sufficient time to conduct discovery is well-taken.  However, in light of

counsel's medical issues, the Court is reluctant to grant summary judgment before Plaintiff has been afforded the opportunity to complete discovery in this matter.  THEREFORE,

**IT IS HEREBY ORDERED** that Plaintiff is GRANTED AN EXTENSION to complete discovery until December 1, 2012.  Further, Plaintiff has until December 15, 2012, to file any responsive memorandum and exhibits to the pending motion.  Until that time, Defendants' Motion for Summary Judgment (DN 34) is HELD IN ABEYANCE.  Plaintiff is to notify the Court by letter when the motion is ripe for its review, sending copies of such correspondence to opposing counsel.